HERBERT N. RICHARDS *v.* GRACE-NEW HAVEN COMMUNITY HOSPITAL

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued November 14, 1950—decided February 13, 1951

*Morris Tyler* and *Donald F. Keefe,* for the appellant (defendant).

*Alexander Winnick,* with whom were *Alvin M. Murray* and, on the brief, *Milton Rice,* for the appellee (plaintiff).

JENNINGS, J.  The plaintiff was injured in a hospital. His cause of action was based on corporate negligence. He had a verdict and the defendant appealed from the denial of its motion to set it aside and from the judgment.  The plaintiff claimed that the physiotherapeutic department of the defendant was understaffed and that it failed to use reasonable care to furnish and maintain a heating lamp in a reasonably safe condition. The jury answered two interrogatories.  The answer to the second relieved the defendant of liability on the claim that the department was understaffed.  The first, with the answer, read as follows: "Were the Trustees of the Grace-New Haven Community Hospital, acting as a Board, negligent with respect to the use, care, maintenance or repair of the heat lamp?  A.  Yes."

The plaintiff offered evidence to prove and claimed that he had proved the following facts: He was a paying ward patient in the defendant hospital.  In the course of his treatment he was taken to the physiotherapeutic department for an infrared back-baking. He was placed face down on a table and a lamp was adjusted over his back by the technician.  She told the plaintiff to call her if it got too hot and she then

left the room. After fifteen or twenty minutes the plaintiff heard a crackling noise in the lamp and hot fragments of the heating element fell on his bare back, burning him and scorching a sheet with which he was partially covered. The technician returned in response to his screams and pulled him off the table. The plaintiff did not touch the lamp.

The lamp consisted of a flat round carbon ring which screwed into a reflector hood and became red hot when electricity was turned on. A ring was usable for about two years. When it burned out it was replaced. The trustees provided for nothing further in regard to the inspection and repair of the lamp. No injury was to be expected from the ordinary use of the lamp. The entire control of the burner and lamp was in the hospital. The defendant offered no evidence.

In its appeal from the judgment, the defendant attacks the charge. It seems to have been assumed that the defendant was a charitable institution and, as such, was not liable for the negligence of its agents and servants but only for corporate negligence. *Evans* v. *Lawrence & Memorial Associated Hospitals,* 133 Conn. 311, 315, 50 A. 2d 443. As stated above, the claim of the plaintiff that the department was understaffed was not proved. There remained three possible causes of the injury: negligence of the technician, corporate negligence of the defendant or an accident for which no one was to blame. It is against this background that the charge must be considered.

The plaintiff relied entirely on the doctrine of res ipsa loquitur to sustain his judgment. He claimed that the conditions for its application were met and that the jury were justified in drawing an inference of corporate negligence on the ground of failure to provide safe equipment and to arrange for the inspection and repair thereof. Since the famous remark of Chief Jus-

tice Erle in *Scott* v. *London & St. Katherine Docks Co.*, 3 H. & C. 596, 159 Eng. Rep. 665, in 1865, the doctrine has been invoked in innumerable cases. 9 Wigmore, Evidence (3d Ed.) § 2509. The conditions under which it will apply have been frequently stated. They are "(1) that the apparatus must be such that in the ordinary instance no injurious operation is to be expected unless from a careless construction, inspection, or user; (2) both inspection and user must have been at the time of the injury in the control of the party charged; (3) the injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured." *Stebel* v. *Connecticut Co.*, 90 Conn. 24, 26, 96 A. 171; *Jump* v. *Ensign-Bickford Co.*, 117 Conn. 110, 121, 167 A. 90.

The trial court discussed the doctrine at length in its charge. It said, among other things: "If the three conditions are found to exist you can infer the existence of corporate negligence on the part of the defendant regarding the lamp." The defendant excepted to this charge on the ground that the doctrine of res ipsa loquitur was wholly inapplicable to the case and could not in any event be used to prove corporate negligence.

The correctness of this charge can be tested on rather narrow grounds. For this reason and because of the plethora of authority, no extended discussion is necessary or advisable. The doctrine, where applicable, at most justifies an inference that there has been negligence on the part of a defendant or some of his agents. It does not tend to prove what the negligence consisted of or who was guilty of it. In a case such as this, where it is essential that the plaintiff prove corporate negligence as distinguished from negligence of an employee, the doctrine avails him nothing. The charge that, if the conditions stated were met, the doctrine permitted the inference of corporate negli-

gence was erroneous. *Kansas Pacific Ry. Co.* v. *Salmon,* 11 Kan. 83, 91. The application of this principle is well illustrated in the cited case. Plaintiff's intestate was killed as a result of a collision between two trains operated by the defendant railroad. If he was a passenger, the railroad was liable for the acts of all its employees and the doctrine of res ipsa loquitur would permit an inference of negligence which would sustain a judgment. If he was an employee, recovery could be only by reason of the negligence of the railroad as such, and not by reason of the negligence of a fellow servant. While the doctrine permitted the inference of negligence, it was of no avail in determining whether the railroad or its employees were guilty of negligence. It was held that the decedent was an employee, and a new trial was ordered. The case of *Bise* v. *St. Luke's Hospital,* 181 Wash. 269, 274, 43 P. 2d 4, holds that the doctrine is not applicable in a situation which is on all fours with that in the case at bar. See also *Giddings* v. *Honan,* 114 Conn. 473, 476, 159 A. 271; *Briganti* v. *Connecticut Co.,* 119 Conn. 316, 321, 175 A. 679; *Norris* v. *Philadelphia Electric Co.,* 334 Pa. 161, 163, 5 A. 2d 114; *Biddle* v. *Haldas Bros., Inc.,* 8 W. W. Harr. (38 Del.) 210, 227, 190 A. 588; *United States* v. *Porter Bros. & Biffle,* 95 F. 2d 694, 698; *Yellow Cab Co.* v. *Hodgson,* 91 Colo. 365, 377, 14 P. 2d 1081; 65 C. J. S. 1011.

It is unfortunate that the plaintiff has now lost two verdicts, but we are unable to approve a charge which carries the effect of the doctrine under discussion so far. The other assignments of error are not of a character likely to cause difficulty on a new trial.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.