## Diehl *v.* Straub, Appellant.

564

Argued January 3, 1951. Before Drew, C. J., Stern, Stearne, Jones, Bell, Ladner and Chidsey, JJ.

reargument refused April 10, 1951.

*Michael von Moschzisker,* with him *Philip and Philip* and *Martin H. Philip,* for appellants.

*Albert A. Heimbach,* for appellees.

Opinion by Mr. Justice Jones, March 19, 1951:

This appeal by the defendants is from a judgment entered on a jury's verdict for damages in an amount equivalent to the unpaid balance of the purchase price for the sale of the plaintiffs' business to the defendants. The indebtedness, according to the oral agreement pleaded by the plaintiffs, was to be evidenced by a bond, payable in annual installments, which was never delivered by the defendants. Their apparent inability to understand the reason for the judgment against them is, perhaps, due in part to the confusion created by the varying and seemingly inconsistent

causes pleaded by the plaintiffs in support of the action.

The following facts appear by the evidence. On October 1, 1942, the plaintiffs and defendants entered into an oral agreement for the sale of the husband-plaintiff's feed business, including the building, stock, fixtures and equipment, to the defendants for the price of $21,169.58, which was to be paid in annual minimum installments of $500 (to be increased when business improved) together with interest at 5% payable monthly on the unpaid balance of the purchase price. If any installment of principal was not paid within two years after the due date or if any interest payment was overdue more than 90 days, then the whole balance of the unpaid principal was to become immediately due and payable at the option of the plaintiffs. It was further agreed that the defendants would, forthwith, execute and deliver to the plaintiffs a bond for the unpaid balance of the purchase price and a mortgage to secure the payment thereof. Thereupon, the defendants took over the business. In August 1944 the defendants gave the plaintiffs a mortgage to secure the payment of $21,000 ($169.58 being then paid in cash to round off the figure), but no bond was given and, despite repeated demands by the plaintiffs, none ever has been given. The mortgage indenture provided that the $21,000 was to be "payable in annual installments of Five Hundred ($500.00) Dollars the first thereof being due and payable on the 31st day of December, 1944," with the same acceleration option, for default by the mortgagors, as contained in the alleged oral agreement. The defendants made three annual payments of $500, each, in 1944, 1945 and 1946; and all interest payments had, admittedly, been made. The unpaid balance of the purchase price was, therefore, $19,500 to which the jury's verdict for damages, whereon judgment was entered, corresponded.

The complaint alleged defaults by the defendants in the payments of annual installments on account of the balance of the purchase price on October 1, 1943, (sic), December 31, 1947, and December 31, 1948, and, also, set up the defendants' failure to give a bond in accordance with the oral agreement. The plaintiffs thus sought recovery on two grounds, viz., (1) that the due date of the whole of the unpaid balance was accelerated by reason of the alleged defaults and (2) that the defendants were liable in damages for their breach of the oral agreement in failing to give the plaintiffs the required bond. The matter of the alleged defaults in the annual payments dropped out of the case which was submitted to the jury on the basis of the defendants' alleged failure to give the plaintiffs a bond as called for by the oral agreement pleaded.

It is, therefore, unnecessary to consider the appellants' contention that proof of the default in the payment of a principal installment on October 1, 1943, as alleged by the plaintiffs, which was prior to the defendants' delivery of the mortgage to secure payment of the debt, was violative of the parol evidence rule. Nor do we need consider the alleged defaults in the payments due on December 31, 1947, and December 31, 1948. The respective due dates for those specified installments were within two years of the plaintiffs' institution of suit on April 25, 1949. Consequently, the whole of the unpaid balance did not become due by acceleration. As submitted to the jury, the plaintiffs' claim was not on the bond, which should have been given but was not (cf. *Baum v. Tonkin,* 110 Pa. 569, 573, 1 A. 535), but for the breach of the oral agreement of sale in respect of the bond to be delivered.

The learned trial judge submitted the case to the jury on the issues whether the defendants had orally agreed to give a bond evidencing their indebtedness

for the unpaid purchase price and had failed to deliver such a bond to the plaintiffs. The appellants charge error in that the learned trial judge did not also submit, as essential for the jury's finding, whether the bond was to contain payment provisions and the acceleration option for default by the obligors as pleaded by the plaintiffs. We find no merit in that contention. Whether the bond was to be payable in installments over a period of years or in a lump sum at the end of a prescribed term was immaterial to the issue whether the defendants had breached an agreement with the plaintiffs to give them a bond evidencing the debt.

That issue having been resolved in the plaintiffs' favor, the jury's next duty was to apply the proper measure of damages to the finding of liability for the breach. The instructions of the trial judge permitted the jury to find the damages to be the amount of the unpaid balance of the indebtedness. To that, no exceptions were taken by the defendants; nor did they request more specific or different instructions with respect to the measure of damages. Even if the charge was inadequate in such regard, we would not be disposed to reverse, in the absence of exceptions, inasmuch as we consider the amount of the verdict reasonable and proper: cf. *Wilkinson v. North East Borough,* 215 Pa. 486, 491, 64 A. 734; and *Gerber v. Philadelphia,* 60 Pa. Superior Ct. 119, 126. The oral agreement in suit became merged in the judgment as a matter of law (*Lance v. Mann,* 360 Pa. 26, 28, 60 A. 2d 35); and any lesser sum than the net balance of the principal debt would have done the plaintiffs an injustice.

Judgment affirmed.