LOUISE SPRINGER, APPELLANT, *v.* FEDERATED CHURCH OF RENO, INC., A NEVADA CORPORATION, RESPONDENT.

No. 3829

May 20, 1955.                                      283 P.2d 1071.

(Rehearing denied June 13, 1955.)

*Margaret Faires Baily, Charlotte Hunter,* and *Lohse & Fry,* all of Reno, for Appellant.

*Woodburn, Forman & Woodburn* and *Gordon R. Thompson,* of Reno, for Respondent.

## OPINION

By the Court, EATHER, J.:

Louise Springer brought suit against Federated Church of Reno, Inc., a Nevada corporation, to recover damages for personal injuries, which were claimed to have been caused by the negligence and carelessness of the defendant.

For clarity, the appellant will be referred to as plaintiff, and the respondent as defendant. The facts material to this opinion disclose that plaintiff commenced this damage action based upon defendant's alleged negligence in the construction and maintenance of church steps upon which plaintiff fell, sustaining injury. Defendant answered denying all material averments regarding its alleged liability, and affirmatively asserted plaintiff's contributory negligence as a further defense. Thereafter plaintiff's deposition was taken disclosing that she had been a member of defendant church for many years prior to her fall and injury, and was, at the time of her fall and injury a member thereof. Plaintiff

readily admitted in her deposition that she had received spiritual benefit by reason of her church membership and activity. Based upon the pleadings and deposition, defendant moved for summary judgment contending that no genuine issue as to a material fact remained. In opposition to such motion, plaintiff filed an affidavit asserting that at the time of her fall her sole purpose in descending the church steps was to deliver a card file regarding church membership for use by a church committee of which she was a member. The lower court granted defendant's motion, and entered summary judgment, from which plaintiff has appealed to this court. The reason for the lower court's ruling does not appear from the record on appeal. It is noted, however, that the points and authorities in support of and in opposition to the summary judgment, and, as well, the briefs and argument on appeal, dealt primarily with the principle of immunity of a religious organization from tort action, as announced by this court in Bruce v. Young Men's Christian Ass'n., 51 Nev. 372, 277 P. 798.

Plaintiff's complaint of error is essentially twofold. Initially, she contends that the principle of law enunciated in the Bruce case does not apply to this case for the reason that her status as a "beneficiary" of the church (as that term is used in the Bruce decision, supra) is a question of fact under the evidence here presented. In the alternative, she asserts that, in any event, the Bruce case is bad law and should be overruled. We do not believe there is merit in either contention.

The Bruce case, supra, clearly establishes the law of Nevada. One voluntarily accepting the benefits of a charitable organization may not sue such organization in tort for injuries sustained in connection with the gift charitably bestowed. In the case before us plaintiff was a member of the church and as such was making use of the church facilities at the time of her injury. Admittedly she received spiritual benefit and assistance from the church. To assert, as she does, that at the very time

of her injury she was benefitting the church (rather than being benefitted by the church) is unrealistic. It is by participation in church activity that one realizes to a great degree the benefits offered. Burgie v. Muench, 65 Ohio App. 176, 29 N.E.2d 439. There was then, no factual issue as to the plaintiff's status as beneficiary which a jury might be asked to resolve.

Nor, do we believe that the Bruce case should be overruled. Plaintiff unquestionably has made out a strong and persuasive case for the abandonment of the beneficiary theory there announced. It may well be true that the public conscience of today demands a more extensive acceptance of tort liability than was the case in 1929 when the Bruce case was decided; that the general custom and practice of today is to accept such liability and insure against it. It is undoubtedly true that the exemption from liability established by the Bruce case may voluntarily be waived by charitable organizations for the benefit of their members; and undoubtedly many such organizations have voluntarily so accepted liability. It may well be contended that such practice is the more enlightened and more desirable practice under conditions as they now exist.

The fact remains, however, that in reliance upon the beneficiary theory adopted by this court in the Bruce case, there are charitable organizations which have refrained from voluntarily accepting liability in such cases as this. To overrule the Bruce case would be to impose such liability upon them retroactively under circumstances against which they are helpless to protect themselves. Under such circumstances we must adhere to the doctrine of stare decisis. Jensen v. Labor Council, 68 Nev. 269, 229 P.2d 908; Cf. Bisso v. Inland Waterways Corp., 75 S.Ct. 629. If an abandonment of the rule of the Bruce case is to be deemed desirable, the abandonment should be prospective rather than retroactive and

the determination should be legislative rather than judicial.

Other points were briefed and argued (such as defendant's contention that plaintiff's deposition disclosed her contributory negligence as a matter of law), which points we have considered but will not discuss, believing the Bruce decision, supra, determinative of this matter.

Accordingly, the judgment of the lower court is affirmed, and respondent is awarded costs on this appeal.

MERRILL, C. J., and BADT, J., concur.