## KATHRYN COOLBAUGH *v.* ST. PETER'S ROMAN CATHOLIC CHURCH OF BRIDGEPORT

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 7—decided July 5, 1955

*Sigmund L. Miller,* with whom was *Bernard Green,* for the appellant (plaintiff).

*Clarence A. Hadden,* with whom, on the brief, was *William L. Hadden,* for the appellee (defendant).

BALDWIN, J. The plaintiff, Kathryn Coolbaugh, brought this action to recover damages from the defendant, St. Peter's Roman Catholic Church of Bridgeport, a Connecticut corporation, for injuries resulting from a fall which she suffered while on the defendant's property and which she alleges was caused by the defendant's corporate negligence. The defendant denied these allegations and, in a special defense, averred that it was a charitable corporation, without capital stock, whose members derive no financial benefit from its operation. The plaintiff replied, in effect, that at the time of her injury she was an invitee and not a beneficiary of any service of the defendant as a charitable corporation. This the defendant denied. After the case was presented to a jury, the court directed a verdict for the defendant and, upon the plaintiff's motion, refused to set it aside. The plaintiff has appealed, alleging error in the rulings of the court with respect to the verdict. Error was also assigned in certain rulings on evidence. These have not been pressed either in brief or oral argument and are therefore considered abandoned. *Horton* v. *Vickers,* 142 Conn. 105, 107, 111 A.2d 675.

The plaintiff's claims of proof, which are not subject to any material correction, can be abbreviated as follows: The defendant's church is located on the southwest corner of the intersection of Beechwood and Colorado Avenues in Bridgeport. It faces north, with the main entrance on Beechwood Avenue. Seven

steps lead from the church doors to a concrete platform, and from this platform four more steps descend to the public sidewalk. Evergreen shrubs and barberry bushes serve as a border on the easterly side of the steps and the platform. There is another entrance, on the easterly side of the church, from which a concrete walk extends to Colorado Avenue. The area between the church and the public sidewalk is maintained as a lawn. The plaintiff was a regular attendant at the defendant's church. On September 17, 1950, after completing an errand at the church convent, the plaintiff attempted to enter the church through the door on Colorado Avenue. Her purpose was to light a candle for her daughter, who was expecting a baby. Unable to gain admission, the plaintiff crossed the lawn to a gap in the shrubbery bordering the steps and platform at the main entrance. While attempting to pass through, she tripped and fell over a wire which was strung about ten inches above the ground. The sexton of the church, without orders from anyone, had placed the wire there two years before to prevent children from crossing the lawn and going through the shrubbery. The two decisive issues are whether the defendant is immune from liability as a charitable corporation and whether the plaintiff was an invitee.

A charitable corporation is not responsible in damages to those who seek its benefits for any injury they may suffer through the negligence of its servants or agents. *Tocchetti* v. *Johnson Memorial Hospital,* 130 Conn. 623, 626, 36 A.2d 381; *Boardman* v. *Burlingame,* 123 Conn. 646, 652, 197 A. 761; *Cashman* v. *Meriden Hospital,* 117 Conn. 585, 587, 169 A. 915. This doctrine is firmly established in the law of our state. Nothing in the case at bar calls for any change or modification of it. *Evans* v. *Lawrence*

*& Memorial Associated Hospitals,* 133 Conn. 311, 315, 50 A.2d 443; see *Richards* v. *Grace-New Haven Community Hospital,* 137 Conn. 508, 510, 79 A.2d 353; 2 Stevenson, Negligence in the Atlantic States, § 799. The plaintiff concedes that the defendant is a charitable corporation. See *Mack's Appeal,* 71 Conn. 122, 135, 41 A. 242. She claims, however, that the principle stated does not preclude her recovery because her injury was caused by the corporate negligence of the defendant, as distinguished from the negligence of one of its servants or agents. We have said that the words "corporate neglect" must necessarily mean neglect of the officers or managing directors who constituted the governing board of the corporation, as distinguished from the negligence of its ordinary employees. *Edwards* v. *Grace Hospital Society,* 130 Conn. 568, 571, 36 A.2d 273; *Tocchetti* v. *Johnson Memorial Hospital,* 130 Conn. 623, 627, 36 A.2d 381. Failure, on the part of those entrusted with the nondelegable task of providing and operating the facilities necessary to carrying out the charitable purposes of the corporation, to follow, in a given situation, the established standard of conduct to which the corporation should conform would constitute corporate negligence. Id., 628. The employment of incompetent servants and agents would be an example of such a failure. *Haliburton* v. *General Hospital Society,* 133 Conn. 61, 64, 48 A.2d 261; *Evans* v. *Lawrence & Memorial Associated Hospitals,* supra; *Hearns* v. *Waterbury Hospital,* 66 Conn. 98, 126, 33 A. 595. There is nothing in the case at bar to demonstrate, and it is not claimed, that the corporation failed to use due care in the selection of its sexton. The plaintiff's thesis is that when the sexton placed the wire in the shrubbery he was performing a task in furtherance of the cor-

porate duty of maintaining the church properties. This proposition overlooks that which is obvious. The many and various tasks required in the maintenance of a church property must be delegated to an employee. The sexton's act in putting the wire in the shrubbery was entirely his own. The negligence, if any, was his negligence and not the negligence of the corporation within the principle hereinbefore stated.

The plaintiff contends that the principle of non-liability of charitable corporations does not apply to her because she was an invitee and not a beneficiary of the charitable services of the defendant. *Cohen* v. *General Hospital Society,* 113 Conn. 188, 199, 154 A. 435. She had long been a regular attendant at the defendant's church. At the time she was injured she was upon the church property seeking entrance to the church edifice to derive the benefit of a service which the corporation offered. She was not an invitee. *Burgie* v. *Muench,* 65 Ohio App. 176, 180, 29 N.E.2d 439; *Bianchi* v. *South Park Presbyterian Church,* 123 N.J.L. 325, 332, 8 A.2d 567, 124 A.L.R. 808; see *Glaser* v. *Congregation Kehillath Israel,* 263 Mass. 435, 438, 161 N.E. 619. Upon the proof offered by the plaintiff, the case presented issues of law only. The court's rulings on the motions pertaining to the verdict were correct.

There is no error.

In this opinion the other judges concurred.