97 So.2d 185 (1957)
Mae McNULTY and John J. McNulty, Appellants,
v.
Most Reverend Bishop Patrick HURLEY of the Diocese of St. Augustine, Florida, a Religious corporation, Appellee.
Supreme Court of Florida.
September 18, 1957.
Rehearing Denied October 24, 1957.
*186 Gerald S. Berkell, Miami Beach, for appellants.
Blackwell, Walker & Gray and Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellee.
O'CONNELL, Justice.
Mae McNulty and John J. McNulty, plaintiffs below, appeal the dismissal of their complaint against the defendant-appellee, the Most Rev. Bishop Patrick Hurley of the Diocese of St. Augustine, Florida, a corporation sole.
Mae McNulty, hereafter referred to as the plaintiff, attended mass on March 27, 1955 in Gesu Church, a Roman Catholic Church in the City of Miami. This church is owned and possessed by the defendant, in his capacity as a corporation sole. When the mass was concluded, plaintiff and other worshippers made their way to the exit.
Plaintiff's complaint alleged that while descending the steps of the church she fell because she was "pushed from behind and violently thrown to the ground by person or persons unknown to the plaintiff who were in a surging crowd, which was also leaving the church at the said time and place." She alleged that it was common practice for parishioners of the church "to run, push and surge down the crowded steps of the church", which fact the defendant knew or should have known and therefore should have foreseen that a person properly descending the steps of the church might suffer injuries thereby. Plaintiff contended defendant was careless and negligent in failing to operate the church and its appurtenances in a reasonably safe condition; in failing to take precaution to prevent pushing and surging of the crowd by not providing a sufficient number of attendants; in failing to warn parishioners of the dangerous condition of a pushing and surging crowd; in failing to provide a proper and safe exit and in failing to conduct the exit of the parishioners in a proper and lawful manner.
The lower court granted defendant's motion to dismiss, stating:
"* * * the Court being of the opinion that the plaintiffs have failed to state a cause of action, the dismissal * * * is with prejudice and at the cost of the plaintiffs."
The court then entered judgment in favor of the defendant, reciting therein that the plaintiff had declined to plead further.
In her appeal plaintiff, of course, argues that her complaint did state a cause of action. She contends that the doctrine of foreseeability applies against the defendant, in that the defendant was aware that *187 the crowding, pushing and surging took place and would likely result in injury to someone, yet did nothing to safeguard her from such danger.
Defendant's defense is primarily that one entering the premises of a church for the purpose of attending religious services is a mere licensee to whom the church owes only a duty to refrain from wanton negligence or wilful misconduct which would injure her and to refrain from intentionally exposing her to danger, and that the complaint was fatally defective in that there were no allegations of negligence of the kind and degree which would constitute a violation of the duty owed a licensee.
In addition defendant contends that it is a general rule of law that one cannot recover from a charitable trust unless there has been negligence in the selection of employees causing an injury to the claimant.
This cause sounds in tort. In such an action it is essential that the complaint allege facts either showing a duty owed to the plaintiff by defendant and a breach thereof by the defendant, or that plaintiff has a legal right which right has been invaded by the defendant, and further that the plaintiff has been damaged thereby.
As between an owner or occupant of premises and persons who come thereon the law recognizes, in general, three distinct and separate relationships. Persons occupying such relationships are classified as either invitees, licensees, or as trespassers.
The duty owed by the owner or occupant of premises to each class of persons is also distinct. The duty owed by the owner or occupant to the trespasser is to refrain from committing a wilful or wanton injury against him with the rule being softened after discovery by the land-owner of peril to the trespasser. Byers v. Gunn, Fla. 1955, 81 So.2d 723.
The duty owed a licensee is to refrain from wanton negligence or wilful misconduct which would injure him, or to refrain from intentionally exposing him to danger. City of Boca Raton v. Mattef, Fla. 1956, 91 So.2d 644. There may be a further duty to the licensee to warn him of a defect or condition known to the owner or occupant to be dangerous when such danger is not open to ordinary observation by the licensee. Goldberg v. Straus, Fla. 1950, 45 So.2d 883; 65 C.J.S. Negligence § 35 g; Prosser, Torts, Sec. 77, p. 450; Restatement, Torts, Sec. 342, Comment d.
A greater duty is owed to an invitee than to either of the other class of persons above mentioned. The owner or occupant owes an invitee the duty of keeping the premises in a reasonably safe condition, and, as plaintiff contends, also to guard against subjecting such person to dangers of which the owner or occupant is cognizant or might reasonably have foreseen. First Federal Sav. & Loan Ass'n v. Wylie, Fla. 1950, 46 So.2d 396 and Messner v. Webb's City, Inc., Fla. 1952, 62 So.2d 66.
In order to determine the duty which the defendant in this case owed to the plaintiff we must decide whether the plaintiff was an invitee or licensee, it being clear from the pleadings that she was not a trespasser.
"`A licensee is broadly defined as a person who enters upon the property of another for his own convenience, pleasure, or benefit.'" Stewart v. Texas Co., Fla. 1953, 67 So.2d 653, 654, quoting Am.Jur., Negligence, Sections 104 and 105.
In City of Boca Raton v. Mattef, supra, 91 So.2d at page 647, we defined an invitee as follows:
"An invitee is normally considered to be one who enters upon the premises of another for purposes connected with the business of the owner or occupant of the premises."
The Texas court, in Cowart v. Meeks, 1938, 131 Tex. 36, 111 S.W.2d 1105, 1107, *188 sets forth a reasonable practical test to determine whether a person is an invitee or licensee:
"In determining this question the general test is whether the injured person, at the time of the injury, had present business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience, or on business with others than the owner of the premises. In the absence of some relation which inures to the mutual benefit of the two, or to that of the owner, no invitation can be implied, and the injured person must be regarded as a mere licensee." [Emphasis ours.]
In the case before us the use of the usual definitions in determining the relationship of the parties is more difficult than in the ordinary case by virtue of the fact that the premises were not used as a place of business, but as a church. Nevertheless we conclude that under the definitions above recited and the applicable rules of law the allegations of the plaintiff's complaint place her in the status of a licensee, not an invitee as she contends.
Plaintiff takes the position that she was on the church premises by invitation of the defendant. She reasons that the church, being the shepherd of its flock, not only invites its members to enter thereon but importunes them to do so. Most if not all religious denominations and sects urge and invite not only their members, but other persons, to enter their churches, temples and religious edifices and join in worship and prayer. The doors of all such structures are in themselves an invitation to enter. In this sense anyone who enters into a structure used for religious activities is an invitee.
But an invitation to enter and worship, whether it be either express or implied, does not constitute one who accepts the invitation an invitee in the legal sense. In order for such relationship to arise the person entering onto the premises, i.e. the invitee, must have done so for purposes which would have benefited the owner or occupant of the premises, i.e. the invitor, or have been of mutual benefit to the invitee and the invitor. And as we view it this benefit must be of a material or commercial rather than of a spiritual, religious, or social nature. This same reasoning is followed in our cases which hold persons invited into one's home as social guests to be licensees rather than invitees even though they are expressly invited to enter the premises of the host. Goldberg v. Straus, supra.
It cannot be successfully or logically argued that a person enters a place of worship, call it by any name, and participates in worship and prayer to the God or Supreme Being of his choice for the benefit of the body or organization which owns the church, the religious or lay readers who conduct the services, or the God or Supreme Being whom he worships and asks for guidance, help or forgiveness. One of the concepts of all religious beliefs known to us is that participation in religious activities is for the benefit of the mortals who participate therein. Places of worship exist as symbols and reminders of the existence of a greater and higher force and as places set apart from the material phases of our lives where we can for our convenience together practice and give overt evidence of our adherence to our religious beliefs. If it were not true that participation in religious services, proceedings and ceremonies is for the benefit of the individuals who gather to do so, it would be impossible to explain their presence at such activities. The plaintiff in this case does not, nor can she in good faith, contend that she went to mass for the benefit of Jesus Christ or the defendant, who as a corporation sole holds title to the church which she attended.
Nor would it matter if the plaintiff had alleged that she made a contribution when *189 the collection plate was passed, for this would not have changed her status. As it is that we who serve our God gain in so doing, so it is that we who give material things to assist in the work of our chosen religious belief receive by so doing. We are the recipients, not the benefactors.
It seems clear to us therefore that one who attends a religious edifice for the purpose of attending a religious service, as did the plaintiff in this case, does so "for his own convenience, pleasure or benefit" and is at best a licensee.
The courts in the following cases, dealing with similar situations have also reached the conclusion that one attending religious services is a licensee: Coolbaugh v. St. Peters Roman Catholic Church, 1955, 142 Conn. 536, 115 A.2d 662 and Glaser v. Congregational Kehillath Israel, 1928, 263 Mass. 435, 161 N.E. 619.
As a licensee, the defendant owed the plaintiff the duty to refrain from wanton negligence or wilful misconduct, and to warn her of any defect or condition known to defendant to be dangerous if such danger was not open to ordinary observation by plaintiff.
The plaintiff does not allege that the defendant was guilty of wanton negligence or wilful misconduct. She does allege that the defendant was guilty of having failed to take proper precautions to prevent the pushing and surging of the parishioners from the church after mass and in failing to warn the parishioners of the dangerous condition of the surging and pushing crowd.
The alleged actions of the crowd leaving the church are not a defect or condition not open to ordinary observation by the plaintiff. The plaintiff does not allege that the alleged actions of the crowd were caused by any wanton negligence or wilful misconduct by the defendant. In the absence of such allegations as to the defendant causing the actions of the crowd, such actions of the crowd cannot be charged against the defendant by plaintiff, a licensee. It must be remembered, too, that a member of the public assumes the ordinary risks of crowds
In view of our determination that the plaintiff was a licensee and that the complaint does not charge the defendant with any breach of duty owed by him to a licensee, we find it unnecessary to determine the other question presented by the defendant.
For the reasons above expressed we held that the complaint does not state a cause of action. The judgment appealed from is accordingly
Affirmed.
TERRELL, C.J., and ROBERTS, DREW and THORNAL, JJ., concur.