HENDRY, Judge.
This is plaintiff’s appeal from a judgment entered in a negligence action pursuant to a directed verdict for the defendant at the close of plaintiff’s case.
Plaintiff’s amended complaint contained allegations that she sustained personal in *571 juries on defendant’s premises, when, while descending an exterior stairway she slipped and fell to the bottom. Plaintiff alleges that the defendant failed to provide and maintain hand rails, grip rails or other similar safety devices in violation of applicable ordinances, and that the injuries suffered by the plaintiff were the proximate result of defendant’s negligence.
The defendant denied the allegations and also alleged in its answer that the plaintiff was guilty of contributory negligence.
The facts as they appear from the record are that the plaintiff attended church services being held by the New Macedonia Baptist Church on premises leased from the defendant. This leasing by the church was not exclusive, but permitted the church the use of a portion of the premises, to wit: the auditorium on certain days of the week, and, upon special request, the church could use other portions of the premises. On the date of the accident the basement was being used with permission ■of the defendant.
During the services it started to rain. At the conclusion of the services it was announced that refreshments would be served in the basement directly beneath the auditorium. The plaintiff and other worshipers then exited by the side door into the rain and onto a wet stairway. Plaintiff held her pocket book on one arm and covered her head with a program, which she held in her hand. She descended the stairs to ground level holding a bannister with the other hand. Upon reaching ground level, the plaintiff made a 180 degree turn in order to descend the other half of the stairway to the basement. As she started to walk down these steps, she slipped and fell all the way down and suffered serious and permanent injuries. The lower half of the stairway contained no handrail. Plaintiff admits that she wasn’t particularly looking for a handrail but she looked for the steps to go down and tried to catch the handrail.
.Upon the trial of the cause before a jury the plaintiff introduced evidence and rested her case. Whereupon the defendant moved for a directed verdict which was granted.
Plaintiff, in her appeal, contends that the trial court erred in directing a verdict for the defendant.
We shall first direct our attention to the legal relationship of the plaintiff to the defendant in order to determine the duty owed by the defendant to the plaintiff. The evidence shows that the plaintiff was on the premises of the Y.M.C.A., the defendant, for the purpose of attending religious services being conducted by the defendant’s lessee, New Macedonia Baptist Church. It is our view that the legal status of the plaintiff was that of a licensee and not that of an invitee as is contended by the plaintiff.[1]
The status of the plaintiff being that of licensee, the defendant owed the plaintiff the duty to refrain from wanton negligence or wilful misconduct, and to warn her of any defect dr condition known to the defendant to be dangerous, if such danger was not open to ordinary observation by the plaintiff.
The evidence does not show that the defendant was guilty of any wanton negligence of wilful misconduct; moreover, the evidence does not show that defendant deviated in any respect from the standard of care owed to a licensee.
In view of our determination that the plaintiff was a licensee and that the evidence failed to show that the defendant breached any duty it owed to the plaintiff, we find it unnecessary to discuss the other assignments of error.
No error having been made to appear, the judgment appealed is affirmed.
Affirmed.

. McNulty v. Hurley, Fla.1957, 97 So.2d 185.