## CIRCUIT COURT OF THE CITY OF NORFOLK

Shira B. Kosik Taylor

v.

Am. National Red Cross, etc.

### July 19, 1984

### Case No. (Law) L-83-2600

By JUDGE JOHN W. WINSTON

The American National Red Cross (hereafter Red Cross) has asserted by its Special Plea of Charitable Immunity a complete defense to this negligence malpractice action filed by Shira B. Kosik Taylor. Having now considered the Virginia decisions on the subject and the evidence presented in the form of the deposition testimony of Ms. Taylor and of Dr. William Andrew Heaton, this court sustains the charitable immunity plea.

It is clear from her Motion for Judgment that plaintiff Taylor seeks monetary damages from defendant Red Cross (stipulated to be a charitable corporation) for the injuries she allegedly received while participating as a donor in a blood drive jointly sponsored by her employer and the defendant. She attributes her injuries to the "negligence of your (Red Cross) agents while attending to and withdrawing blood from the plaintiff, on May 6, 1982. . . and treatment and care was not in accordance with that degree of skill and diligence practiced by, imposed upon and observed by other practitioners in the Commonwealth of Virginia."

Because it is not alleged by plaintiff that defendant Red Cross failed to use due care in the selection and retention of its employees, her claim as presented against the defendant charitable corporation must fail if it is shown by the evidence that she had a beneficial relation to such defendant at the time she was injured. *Hospital*

*of St. Vincent v. Thompson,* 116 Va. 101 (1914); *Memorial Hospital v. Oakes Adm'x.,* 200 Va. 878 (1959); *Hill v. Memorial Hospital, Inc.,* 204 Va. 501 (1963); *Egerton v. R. E. Lee Memorial Church,* 395 F.2d 381 (4th Cir. 1968) (applying Virginia law).

A review of the deposition testimony of plaintiff Taylor and Dr. Heaton establish without question such beneficial relationship.

Ms. Taylor volunteered to contribute a pint of her blood to the Red Cross blood drive held on May 6, 1982, on the 8th floor of the C. & P. Telephone Company building on Bute Street in Norfolk, Virginia. Her contribution was one of some 117,500 pints of blood drawn by the defendant from various donors in this Tidewater Region during the year in similar drives.

That blood was processed by the Red Cross and the blood and blood products were then made available to all of the hospitals in the Tidewater Region, free of charge to all patients who need to be transfused with it and without any replacement requirement.

Both as a member of the general public and also as a blood donor Ms. Taylor was eligible to so receive any needed blood and blood products as were her family members. This was the case at any hospital in the Tidewater Region and in all the other regions in the United States covered by any Red Cross blood service facility.

And in the parts of the United States where no such Red Cross blood service facility exists Ms. Taylor *as a blood donor* was eligible to so receive any needed blood and blood products as were her family members. Replacement of the blood in such case would be from the Red Cross Tidewater Region and without charge.

Ms. Taylor is thus no stranger to the benefits provided by the Red Cross blood facilities. She is one of hundreds of thousands of volunteer donors who by contributing their blood make this valuable community service possible. And in her turn she and her family benefited because this blood program gave them the opportunity to receive whenever and wherever needed the life-giving steady and reliable supply of blood products assembled by Red Cross.

Ms. Taylor says she was not made aware of the benefits to be derived from donating her blood to Red Cross. Such lack of awareness neither eliminates the benefits nor

prevents Red Cross from relying upon the charitable immunity defense here.

Despite objections to the continued existence of the principle of charitable immunity (see for example "A Century of Tort Immunities in Virginia" by James A. Eichner published in Volume 4 *University of Richmond Law Review* 1969-1970, pages 238, 261-271) the doctrine is still the public policy of Virginia as enunciated by the Supreme Court of Virginia. Until it is renounced by that Supreme Court or eliminated by statute enacted by the Virginia Legislature, this court must recognize and follow the doctrine in the factual area where it has been declared applicable.

Counsel for Red Cross is directed to present a proposed order, sustaining the plea of charitable immunity and preserving plaintiff's objection.