## CIRCUIT COURT OF THE CITY OF RICHMOND

Betty J. Eldridge

v.

City of Richmond

Case No. LK-754

Charles J. Eldridge

v.

City of Richmond

Case No. LK-732

February 3, 1987

By JUDGE T. J. MARKOW

Before me is the plaintiff's motion to strike and motion for partial summary judgment. Originally, the motion placed in issue the defense of sovereign immunity, the plea of the statute of limitations and premises liability to invitees. These matters have been resolved, and the only issue remaining before me is whether the defendant Maymont Foundation (Maymont) is immune from liability to the plaintiffs on account of its charitable status. (For purposes of this letter opinion the two cases will be treated as one.)

Plaintiff asserts that the defense of charitable immunity has never been applied in Virginia, except to hospitals, and that because Maymont has insurance coverage to apply, the immunity would deprive the plaintiffs of due process of law.

The record is comprised of the motion for judgment, the grounds of defense, the motion to strike (with Maymont's

contract with the City of Richmond attached) to which is attached Maymont's answers to plaintiff's interrogatories. Defendant Maymont has also attached its bylaws. Maymont's articles of incorporation (assuming Maymont is a validly organized corporation) are not a part of the record.

I have reviewed the memoranda, as well as other authorities. Although the Supreme Court of Virginia has never applied the doctrine to other than hospitals, it is my view that the rationale supporting the doctrine of charitable immunity is equally applicable to other types of charities.

The doctrine of charitable immunity evolved over many years and was probably first announced as dicta in Virginia in *Hospital of St. Vincent v. Thompson*, 116 Va. 101 (1914), which recognized the doctrine as a defense to claims against charitable institutions, by objects of the charity for torts committed by the charity which were not related to the charity's hiring and maintaining its personnel.

Other states which have adopted the doctrine have applied it to churches, schools and colleges. *See* 15 Am. Jur. 2d, *Charities*, § 211. In a case arising in Virginia, a federal court held that a church was immune from liability to an object of its bounty. *Egerton v. R. E. Lee Memorial Church*, 395 F.2d 381 (4th Cir. 1968). *See also Ettlinger v. Trustees of Randolph-Macon College*, 31 F.2d 879 (4th Cir. 1929). Plaintiffs have not claimed that they were not objects of Maymont's bounty, nor that Maymont negligently hired or maintained its employees.

One reported case in which the Virginia Supreme Court refused to grant sovereign immunity to a nonhospital, charitable institution, *Trevett v. Prison Association of Virginia*, 98 Va. 332 (1900), is inapplicable here. While similar in structure to Maymont, the Prison Association of Virginia was alleged to have injured someone other than the object of its bounty (a downstream property owner). *Trevett* is not a charitable immunity case.

Recent Virginia cases have not questioned the viability of the doctrine but instead deal with whether certain institutions are, in fact, charities and entitled to the immunity. The cases cited by plaintiff; namely, *Radosevic v. College*, 633 F. Supp. 1084 (W.D. Va. 1986), and *Costello v. University of Richmond*, Circuit Court of

the City of Richmond, LG-1720 (1985), do not decide whether the doctrine of charitable immunity, applies to other than hospitals. Each deals with a college which is attempting to claim immunity and a finding by the court that the institution is not a charity because the college is operated at a profit.

The Virginia Supreme Court has based the doctrine of charitable immunity on public policy, rejecting the many theories other courts have relied upon in erecting this exception to liability for negligence. While a court-fashioned rule is presumably one that could be changed by the courts, it is my view that any change should come from the Legislature which by implication recognized the existence of the doctrine applicable to nonhospitals when it partially abrogated the rule only as applied to hospitals. *See* Va. Code Ann. § 8.01-38. The Legislature first enacted this section in 1974 and has amended it four times since then and as recently as 1986. Never has the Legislature included nonhospital charities in this exception to the general rule.

Plaintiff argues that because Maymont has sufficient liability insurance, public policy would not be offended by holding Maymont liable. Whether Maymont has insurance coverage or not is not material. One reason for the insurance is the unsettled state of the law; another, to cover employees who might not enjoy the immunity; a third is that Maymont has contracted with the City. Nevertheless, if the public policy is to maximize direction of the resources of the charity to its objectives, then requiring it to purchase insurance or to see its insurance premium increase or be cancelled because of claims cannot promote that policy.

While the trend has been to restrict or even eliminate the doctrine of charitable immunity, I do not believe it appropriate for this court to change that policy, nor do I believe that my ruling does more than announce current policy. It neither restricts it nor expands it.

For the reasons stated, the motion to strike or grant partial summary judgment is overruled. Maymont will be permitted to prove that it is entitled to the defense. At this stage, I cannot rule on that issue, as there is no such motion before the court.