## CIRCUIT COURT OF HENRICO COUNTY

Grace Pauline Stayton

v.

The American Legion,
Battlefield Post No. 144

January 2, 1990

Case No. CL89000511

By JUDGE JAMES E. KULP

Plaintiff has filed suit alleging injuries received when she slipped and fell while working in an amusement booth at the defendant's Labor Day carnival. The defendant has filed a Plea of Charitable Immunity. Argument has been heard by the Court, and each party has filed an extensive memorandum in support of his respective positions. The Court now having maturely considered the issue sustains the defendant's Plea of Charitable Immunity.

At the hearing before the Court, the plaintiff conceded that the American Legion, Battlefield Post No. 144 was a charitable organization. With this concession the issues before the Court are: (1) whether the doctrine of charitable immunity extends to this type of charity, and (2) whether plaintiff enjoyed the benefits of the charitable organization so as to preclude a suit against the charity for negligence.

The plaintiff was a member of the Women's Auxiliary of Post 144 and was a volunteer worker at an amusement booth at the Post's Labor Day carnival when she slipped in some mud and fell.

Plaintiff's first contention is that the defense of charitable immunity has only been applied in Virginia

to hospitals and should not be extended to the defendant, a non-hospital charity. While the Supreme Court of Virginia has applied the doctrine in cases pertaining to hospitals, this Court is of the opinion that the underlying rationale of the doctrine should be equally applicable to charities other than hospitals.

The doctrine, as applied in Virginia, rests upon the public policy that one who accepts the benefits of charity should not be permitted to later recover for the negligence of the organization's servants. *See*, *Weston's Administratrix v. Hospital of St. Vincent of Paul*, 131 Va. 587 (1921); *Roanoke Hospital Assoc. v. Hayes*, 204 Va. 703 (1963). Thus it would seem that the rationale of the doctrine stems from the charity itself and not from the nature of the organization administering it.

The United States Court of Appeals for the Fourth Circuit, applying Virginia law, has upheld the defense of charitable immunity to defendants other than hospitals. *See*, *Ettlinger v. Trustees of Randolph-Macon College*, 31 F.2d 869 (4th Cir. 1929) (educational institution); *Egerton v. R. E. Lee Memorial Church*, 395 F.2d 381 (4th Cir. 1968) (Church).

This Court finds that it would be a tortuous application of the doctrine of charitable immunity to restrict it to hospitals. This view is in accord with other circuit courts in this Commonwealth, which have applied the doctrine to non-hospital defendants. *See*, *Eldridge v. City of Richmond*, 8 Va. Cir. 317 (1987); *Krupnik v. Glaydin School*, 3 Va. Cir. 338 (1985); *Taylor v. American National Red Cross*, 8 Va. Cir. 108 (1984). Most recently, the Virginia Supreme Court held "that the independent tort of negligent hiring operates as an exception to the *charitable immunity of religious institutions* just as it does with regard to charitable hospitals." *J. v. Victory Tabernacle Baptist Church*, 236 Va. 206 (1988) (emphasis added). This confirms this Court's view that the doctrine applies to non-hospital charities.

The Court now turns to the issue of whether the plaintiff was a beneficiary of the Post's charity. For the doctrine of charitable immunity to apply, the plaintiff must be a beneficiary of, and not a stranger to, the charitable bounty. *Hill v. Leigh Memorial Hospital*, 204 Va. 501 (1963). Plaintiff contends that since she was not actually

receiving any tangible benefits from the defendant charity at the time of her injury, she is not considered a beneficiary for purposes of the charitable immunity doctrine. However, "beneficiary" has taken on a broad and generalized definition throughout the Virginia case law. In *Egerton v. R. E. Lee Memorial Church*, 395 F.2d 381 (4th Cir. 1968) (applying Virginia law), it was held that the plaintiff was a beneficiary for the purposes of the charitable immunity doctrine despite the fact that her injury occurred while she was visiting a historic church as a tourist. In *Taylor v. American National Red Cross*, 8 Va. Cir. 108 (1984), the plaintiff sustained injuries while donating blood. The court held that by donating blood, the plaintiff was a beneficiary of the charity's bounty because she was "eligible to receive any needed blood (in the future) as were her family members." *Id.* at 109.

Likewise, in *Springer v. Federated Church of Reno*, 283 P.2d 1071 (Nev. 1955), the Nevada Supreme Court applied the doctrine of charitable immunity to a member of a church who fell while descending the church steps in the process of delivering a card file for use by a church committee.

Applying these precedents to the facts of this case, it becomes readily apparent that plaintiff was a beneficiary of the defendant's charity. Plaintiff was a paying member of the Post 144 Auxiliary. And while she was actually volunteering her time working at the carnival when she was injured, she was free to enjoy all the benefits associated with that Labor Day function as well as the benefits associated with the American Legion Post generally. The purpose of joining and associating with a charity such as the American Legion is to enjoy the benefits that necessarily flow with membership. It would seem quite contradictory to state that a person is a "stranger" to the very charitable organization of which that person is a duly paying member. If there was ever to be a beneficiary of a charitable organization, certainly it would be a member of that organization while participating in one of its sponsored functions.