## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Barbara E. Langston

v.

American Red Cross

February 2, 1990

Case No. (Law) CL89-2025

By JUDGE THOMAS S. SHADRICK

This cause came to be heard upon plaintiff's motion for entry of an order overruling the plea of charitable immunity by the defendant, American Red Cross. Evidence was heard *ore tenus*.

The plaintiff claims that she sustained personal injuries while attending a CPR class at the defendant's facility located in Virginia Beach, Virginia. She alleges that she slipped and fell on ice that the defendant negligently allowed to remain on its premises.

The evidence revealed that the American Red Cross was granted a charter by the United States Congress in 1864. On February 12, 1984, the Board of Governors of the American Red Cross adopted the following mission statement:

> The mission of the American Red Cross is to improve the quality of human life, to enhance self-reliance and concern for others, and to help people avoid, prepare for, and cope with emergencies. It does this through services that are governed and directed by volunteers and are consistent with its congressional charter and the principles of the International Red Cross.

The American Red Cross is a non-profit, tax-exempt organization that operates in the Virginia Beach area through its Tidewater Chapter. The principal officers of the Tidewater Chapter are volunteers who receive no compensation for their services. In furtherance of its stated mission, the Red Cross offers classes containing instruction on Cardiopulmonary Resuscitation (CPR) at its Virginia Beach facility. As part of a cost recovery program, enrollees in the CPR classes are charged a fee.

The plaintiff concedes that the American Red Cross is a charitable institution, operating for charitable purposes in a charitable manner. She argues, however, that under the circumstances in this case, she is not a beneficiary of the charitable purpose of the American Red Cross, and thus the defendant is not entitled to claim charitable immunity.

The principle that charities should be exempt from liability to those who accept their benefits has long been accepted in Virginia as a matter of public policy. *See Hill v. Memorial Hospital, Inc.*, 204 Va. 501, 132 S.E.2d 411 (1963). *Weston's Adm'x. v. St. Vincent, etc.*, 131 Va. 587, 107 S.E. 785 (1921). The rationale for this rule has been stated as follows:

> A policy of the law which prevents him who accepts the benefit of a charity from suing it for the torts of its agents and servants and thus taking for his private use the funds which have been given for the benefit of humanity, which shields gifts made to charity from "the hungry maw of litigation" and conserves them for purposes of the highest importance to the state, carries on its face its own justification and, without the aid of metaphysical reasoning, commends itself to the wisdom of mankind.

*Ettlinger v. Trustees of Randolph-Macon College*, 31 F.2d 869, 872 (4th Cir. 1929). In *Ettlinger*, a "regular paying student" was found to be a beneficiary of the college's charitable purpose.

The classification of charitable beneficiary has encompassed paying occupants of a charitable institution as well as nonpaying one-time visitors. In *Memorial Hospital*

*v. Oakes, Adm'x,* 200 Va. 878, 108 S.E.2d 388 (1959), a paying patient at a charitable hospital was held to be a beneficiary of the charity. A paying visitor to the "Battle Abbey" in Richmond, Virginia, became a beneficiary of the charity when she entered upon the premises for the purpose of viewing the exhibits and did not lose that character as a beneficiary until she left the premises in *Bodenheimer v. Confederate Memorial Association,* 68 F.2d 507, 509 (4th Cir. 1934). In *Egerton v. R. E. Lee Memorial Church,* 395 F.2d 381 (4th Cir. 1968), a visitor who entered an historic church in Lexington, Virginia, "for the purpose of viewing the sanctuary and stained glass windows in the church" was held to be a beneficiary of the church.

A number of Virginia Circuit Court opinions have held various charitable institutions, including the American Red Cross, to be immune from suit based on similar classification of beneficiaries. *See Stayton v. The American Legion,* Henrico County Circuit Court, Docket # CL89-0511█ (Legion Post member working at a carnival); *Adrian Boan v. Peninsula YMCA,* Newport News Circuit Court, Docket # 13097-FB█ (participant in YMCA's summer day camp); *Arlene Philpotts v. City of Norfolk and Norfolk Festevents, Ltd.,* Norfolk Circuit Court, Docket # L87-1242█ (a participant at Harborfest); *Betty J. Eldridge v. City of Richmond, et al.,* Richmond Circuit Court, 8 Va. Cir. 317 (1987) (passenger in horse-drawn carriage at Maymont Park); *Taylor v. Am. National Red Cross, etc.,* Norfolk Circuit Court, 8 Va. Cir. 108 (1984) (donor of blood).

The plaintiff has acknowledged that the American Red Cross is a charitable institution. One of the stated purposes of the Red Cross is "to help people avoid, prepare for, and cope with emergencies." The CPR instruction at the Red Cross's Virginia Beach facility could prove to be very helpful to the plaintiff in dealing with a cardio-pulmonary emergency. It is therefore quite clear, based

454

upon the rationale of the above authorities, that she was a beneficiary of the charitable purpose of the Red Cross and maintained this classification until she left the premises.

For the foregoing reasons, the plaintiff's motion is denied and the defendant's plea of charitable immunity is sustained.