SHANNON, Judge.
The appellant-plaintiff appeals from a final judgment dismissing her complaint against Grace Lutheran Church of Clear-water, Inc., Clearwater, Florida, a nonprofit Florida corporation, appellee-defend-ant. The plaintiff’s complaint sounds in tort, alleging that the defendant maintained a church, and that at 7:30 P.M. on March 8, 1961, the plaintiff, who was totally unfamiliar with defendant’s church, went to the said premises to attend services. Plaintiff further alleges that the defendant knew that its church services were frequented by older persons with limited vision and “defendant failed to keep the said premises reasonably safe for persons visiting same and that it maintained an entrance way almost entirely surrounded by transparent glass; that the outside of said entrance way was poorly lighted, which was known by defendant; that such transparent glass entrance way had no strip-pings or other warning sign on said transparent glass so as to warn plaintiff of the inherent danger of such as was known by defendant; that defendant knew of the danger inherent in such transparent glass passage way * * *.” Plaintiff also charges that the “negligence of defendant in maintaining the premises as aforesaid amounted to wanton negligence, willful misconduct, and defendant owed a duty to plaintiff to refrain from intentionally exposing her to danger, having actual knowledge of the condition of its premises and realizing that it involved an unreasonable risk to plaintiff.” Plaintiff having declined to amend her complaint, the lower court entered an order on the motion to dismiss. The only question raised on this appeal is whether there was alleged any negligence on the part of the defendant which could give a cause of action to the plaintiff.
Plaintiff admits that she is a licensee under the rule laid down in McNulty v. Hurley, Fla.1957, 97 So.2d 185. In the McNulty case the plaintiff charged that while descending the steps of the church she fell *783 because she was “pushed from behind and violently thrown to the ground by person or persons unknown to the plaintiff who were in a surging crowd, which was also leaving the church at the said time and place.” She further alleged that “it was common practice for parishioners of the church ‘to run, push and surge down the crowded steps of the church’, which fact the defendant knew or should have known and therefore should have foreseen that a person properly descending the steps of the church might suffer injuries thereby. * * * ” The trial court dismissed the complaint in the McNulty case, and in affirming the judgment, the court said:
“The duty owed a licensee is to refrain from wanton negligence or wilful misconduct which would injure him, or to refrain from intentionally exposing him to danger. City of Boca Raton v. Mattef, Fla.1956, 91 So.2d 644. There may be a further duty to the licensee to warn him of a defect or condition known to the owner or occupant to be dangerous when such danger is not open to ordinary observation by the licensee. Goldberg v. Straus, Fla.1950, 45 So.2d 883 ; 65 C.J.S. Negligence § 35 g; Prosser, Torts, Sec. 77, p. 450; Restatement, Torts, Sec. 342, Comment d.”
In City of Boca Raton v. Mattef, Fla.1956, 91 So.2d 644, our Supreme Court said:
“* * * [T]he duty of the owner of the premises is to refrain from wanton negligence or willful misconduct that would injure the licensee. If the owner has knowledge of pitfalls, booby traps, latent hazards or similar dangers, then a failure to warn such a licensee could under proper circumstances amount to wanton negligence but there must be knowledge of the danger by the owner combined with knowledge that the licensee is about to be confronted with the danger. Beyond that, he is not obligated to make provision for the safety of the one who enters his premises under such circumstances.”
In Pettigrew v. Nite-Cap, Inc., Fla.1953, 63 So.2d 492, where the plaintiff walked into a large plate glass door at the entrance of the defendant’s restaurant at eleven o’clock in the evening, the lower court directed a verdict for the defendant at the conclusion of the plaintiff’s case. Our Supreme Court in affirming this case stated that the plaintiff, who was a business invitee, would have seen the door had she exercised reasonable care.
The next case that we wish to cite is the case of Stone v. Hotel Seville, Fla.App.1958, 104 So.2d 847. In this case the injury occurred when the plaintiff walked into a glass panel which was adjacent to the entrance to the defendant’s cocktail bar. The summary judgment for the defendant was affirmed. A dissenting opinion urged that whether the glass door panels were perceptible to one exercising ordinary care appeared to be a disputed question of fact. The plaintiff in this case was a business invitee.
There have been several recent cases involving glass doors decided in Florida. However, these cases involve invitees to whom a greater duty of care is owed than the licensee appellant. Such cases are Isenberg v. Ortona Park Recreational Center, Inc., Fla.App.1964, 160 So.2d 132; McCain v. Bankers Life and Casualty Co., Fla.App.1959, 110 So.2d 718, 68 A.L.R.2d 1194; and Harold Corporation v. Herzberg, Fla.App.1959, 110 So.2d 683. There is a very good annotation in 68 A.L.R.2d 1204 where, following McCain v. Bankers Life and Casualty Co., supra, the subject is very well treated.
The duty owed a licensee is to refrain from wanton negligence and willful misconduct. We do not think that the plaintiff’s allegations of negligence are of the kind and degree which would constitute a violation of the duty owed a licensee.
*784 We will have to affirm the judgment of the lower court.
Affirmed.
ALLEN, Acting C. J., and WHITE, J., concur.