WIGGINTON, Judge.
Plaintiff has appealed a final judgment entered upon a verdict directed by the court in favor of defendants at the conclusion of plaintiff’s evidence. It is contended that the evidence adduced by plaintiff at the trial established a prima facie case of liability, and that the court erred in withdrawing the case from jury consideration.
The action is one in tort for personal injuries sustained by plaintiff proximately caused by defendants’ alleged negligence. Plaintiff was injured when sacks of cow feed stacked in defendants’ barn fell and *876 struck plaintiff on the back and head at a time when he was engaged, with permission of defendants, in removing bags of feed from their barn to plaintiff’s truck for transportation to the ranch on which he worked for another.
At the conclusion of plaintiff’s evidence, and in response to defendants’ motion for a directed verdict, the trial judge ruled that, “Under the evidence it is clear that plaintiff was a licensee; there is no evidence of wanton negligence or willful misconduct on the part of defendants; that if there was a dangerous condition and known to defendants to be so, it was open to ordinary observation by the plaintiff. If, however, the plaintiff was not a licensee, as from the evidence it is so construed, but an invitee, it is clear that the plaintiff was guilty of contributory negligence as a matter of law.”
In McNulty the Supreme Court, speaking through Justice O’Connell, held that in determining whether one is an invitee or a licensee, “[T]he general test is whether the injured person, at the time of the injury, had present business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience, or on business with others than the owner of the premises. In the absence of some relation which inures to the mutual benefit of the two, or to that of the owner, no invitation can be implied, and the injured person must be regarded as a mere licensee[1] We have carefully examined the record on appeal and agree with the trial judge that the evidence, and all reasonable inferences which may be lawfully drawn therefrom favorable to plaintiff, categorizes plaintiff’s status in this case as that of a licensee.
In McNulty, supra, the Supreme Court further announced the rule of law to be that, “The duty owed a licensee is to refrain from wanton negligence or wilful misconduct which would injure him, or to refrain from intentionally exposing him to danger. City of Boca Raton v. Mattef, Fla.1956, 91 So.2d 644. There may be a further duty to the licensee to warn him of a defect or condition known to the owner or occupant to be dangerous when such danger is not open to ordinary observation by the licensee. * * * ” The evidence adduced at the trial of this case, and all reasonable inferences which may be drawn therefrom favorable to plaintiff, fails to establish that defendants were guilty of wanton negligence or willful misconduct, or that they intentionally exposed plaintiff to danger. It is our conclusion that the trial judge correctly withdrew the case from the jury and directed a verdict in defendants’ favor. The judgment appealed is therefore affirmed.
STURGIS, Chief Judge, and RAWLS, J., concur.

. McNulty v. Hurley (Fla.1957), 97 So.2d 185.