JOHNSON, Chief Judge.
This is an appeal from a final judgment in a declaratory judgment action brought by the appellee herein against the Board of Public Instruction of Dixie County, Florida.
Appellee had been a teacher in the Dixie County School system for the school years 1957-58, 1958-59, and 1959-60. This tenure, where no objections were raised, entitled the appellee to a continuing contract of employment.
In the case sub judice, it appears that a “contract of continuing employment”, was entered into between the appellee and appellant as of June 1, 1960. In the copy of said contract filed in evidence and shown in the record on appeal, it appears that the word “teacher” had been stricken out or over and the words “Elem. Principal” substituted. A secretary in the office of the superintendent admits that she did the change in the contract upon the order of some one, but she cannot remember who so directed her. The testimony of the former superintendent, in 1960, and of one or two Board members, was to the effect that the contract was for a teacher position, and that they did not authorize the change in the contract. The appellee accepted a position with the School Board, by letter, but limited to about January 7, 1961, when he was to assume the duties of the office of superintendent to which he had been nominated in the May primary.
There was some conflict in the testimony and some confusion because of lack of memory of some of the witnesses, but it appears to this court that the trial court has correctly analyzed the evidence. He determined that there was not a continuing contract as an elementary principal, but was in fact a continuing contract issued to the appellee as a teacher. Why or just when the change was made in the written contract from “teacher” to “elem. principal” is not clear, but we consider it immaterial in view of the fact that appellee was in fact entitled to and had been recommended for a continuing contract of reemployment for the school year beginning June 1, 1960, and according to the superintendent and at least one Board member, a continuing contract as a teacher had actually been issued to ap-pellee.
F.S. Chapter 231.36(7), F.S.A. provides that service as a superintendent shall be construed as continuous teaching service in the public schools. Therefore, appellee was engaged in continuous teaching service until his successor took office. It was at this time that appellee applied for a position as a principal, and which was denied him because there was no vacancy existing. There was a teacher vacancy, but it was one for which appellee was not certified.
There is some dispute in the evidence as to whether the appellee refused to accept anything other than a principal, or later agreed to accept any employment. This was a question to be decided by the trier of the facts, and we will not substitute our judgment thereon for his. The trial court held that the appellee had a valid continuing teacher contract and that the School Board was in error in not employing appellee as a teacher, even though in a teaching position for which he was not certified, because the Board had done so for other teachers when certified teachers were unavailable, the Board adopting the rule to do the best they could. The court held that under such circumstances the appellee was entitled to payment of his salary from January 7, 1969, for the remainder of the 1968-69 school year, in accordance with his contract pf continuing *8 employment as a teacher, his certificate, the salary schedule of the appellee and other controlling principals. We agree with this conclusion. We recognize that it may well be that the attitude of the ap-pellee and his politics may have rendered the appellant repulsive to the idea of reemploying the appellee in the school system, but this does not alter his legal rights under the continuing contract. If his conduct, attitude and politics give rise to a just cause for removal under the Code provisions, then such action must be taken as therein provided.
For the reasons stated, we must affirm the decision of the trial court.
Affirmed.
CARROLL, DONALD K., and SPEC-TOR, JJ., concur.