REED, Chief Judge.
The appellant, Wido E. De Iuliis, was the plaintiff below. He filed a complaint in the Circuit Court for Broward County, Florida, alleging that on 24 February 1969 he was injured as a result of a fall on the premises of defendants Tom and Dorothy Hagenbuch. The cause proceeded to a jury trial in November of 1970. At the conclusion of the evidence the trial court ruled as a matter of law that the plaintiff was a licensee on defendants’ premises at the time of the accident and granted a motion for directed verdict on the ground that no evidence had been presented which would have established defendants’ liability to a licensee. A final judgment was rendered and this appeal followed.
The issue here is whether or not the trial court erred in holding that the plaintiff as a matter of law was a licensee on the premises of the defendants at the time of the accident.
Under the undisputed facts, at the time of the accident the plaintiff was on the defendants’ property at defendants’ request for the purpose of trimming shrubs thereon for an agreed compensation. Under the economic or mutual benefit theory a person is an invitee on another’s land where the former’s presence is for the mutual economic benefit of the parties. McNulty v. Hurley, Fla.1957, 97 So.2d 185. It appears to us that under the facts of this case which are without dispute the plaintiff at the time of the accident was as a matter of law an invitee — not a licensee — on defendants’ premises. We, therefore, hold that the trial court erred when it determined that the plaintiff was a licensee and granted the defendants’ motion for directed verdict. We have not overlooked the case relied on by the defendants, City of Boca Raton v. Mattef, Fla.1956, 91 So.2d 644. We believe it to be so dissimilar factually to the present case that it cannot be considered a controlling precedent.
The judgment appealed from is reversed and the cause is remanded for new trial.
Reversed and remanded.
OWEN and MAGER, JJ., concur.