McCORD, Chief Judge.
This is a petition for review of final agency action of the School Board of Baker County, Florida, which rejected Baker County School Superintendent Tim Starling’s nomination of Richard B. Sinclair for the position of administrative assistant in charge of finance. We affirm the School Board’s action.
This petition for review results from an impasse between the petitioner Superintendent of Schools and the respondent School Board over the nomination by the Superintendent of co-petitioner Sinclair for the above mentioned position and his rejection by the School Board. The Superintendent contends that the School Board rejected the nomination without good cause. Petitioner took office as Superintendent on January 4, 1977. At that time, the position in question was held by Mrs. Ann Combs who was serving on annual contract as she had for the preceding 14 years under the three immediate predecessors of petitioner. At the May meeting of the School Board, petitioner recommended to the Board that each person on the administrative staff, except Mrs. Combs, be retained for the following year. He unilaterally (without any approval of the Board) prepared a list of qualifications for this position and solicited applications. Petitioner Sinclair responded to the advertisement and was nominated for the position by petitioner Superintendent.
At its meeting of June 6,1977, the Board considered the nomination of petitioner Sinclair. The facts brought out at this meeting show that petitioner Sinclair holds a *917 master’s degree in business administration with a major in accounting but that he has never worked for a school system and has no experience in school finance. From the transcript of the School Board meeting, it appears that the nomination of Sinclair was rejected by the Board because Mrs. Combs had satisfactorily filled the office for the past 14 years and was considered by the Board to be better qualified because of her experience in school finance, and in the office itself than was the Superintendent’s nominee; that she was knowledgeable in school laws pertaining to finance and was well trained in that area. The Board apparently (from all that appears in the record) rejected the nomination when it considered the inexperience of the nominee in matters of school finance in conjunction with the fact that the office was presently occupied by what it considered to be an experienced competent administrator. The Superintendent did not dispute the qualifications of Mrs. Combs.
§ 10 of Art. XII of the Constitution of Florida (1885) provided that the school trustees (predecessors of the school board) would “have the supervision of all the schools within the district.” § 4(b) of Art. IX of the Constitution of Florida (1968) has broadened the school board’s powers in its provision that:
“The school board shall operate, control and supervise all free public schools within the school district . .
Neither of the constitutions contains any provisions regarding the powers of a school superintendent. § 230.23, Florida Statutes (1975), provides the powers and duties of a school board. Under subsection (5) it gives the board power to prescribe qualifications for positions which are to be filled. Under paragraph (a) of subsection (5), the board has authority to:
“Act upon recommendations submitted by the superintendent for positions to be filled and for minimum qualifications for personnel for the various positions.”
Paragraph (b) provides for the appointment of noninstructional personnel and provides that the board shall act on the written recommendations submitted by the superintendent of persons to fill such positions and further provides:
. . The term ‘Act on the written recommendations’ shall be interpreted to mean that the school board must consider the recommendations or nominations of the superintendent submitted as prescribed by law and may not reject such recommendations or nominations except for good cause, and when such rejection is made, a second and if necessary a third recommendation or nomination shall be requested and if made within a reasonable time as prescribed by the school board shall be considered or acted upon as prescribed by law; provided, that if the superintendent shall fail to submit his recommendations as prescribed by law or within a reasonable time as prescribed by the school board, the board shall have the right to nominate or to appoint on its own motion.”
Considering the constitutional and statutory powers of the School Board, the Superintendent acted without authority and usurped the powers of the Board when he unilaterally prescribed the qualifications for the position of administrative assistant in charge of finance. If he proposed to replace Mrs. Combs in this position, he should have requested that the School Board prescribe qualifications for the position if qualifications had not been previously prescribed by the Board. It does not appear from the record that such qualifications had been previously prescribed. Since the Board had not prescribed such qualifications, it acted within its authority in requiring qualifications comparable to those possessed by the present occupant of the position. Such rejection of the Superintendent’s nomination was, therefore, with good cause.
AFFIRMED.
MELVIN, J., and MINER, CHARLES E., Jr., Associate Judge, concur.