359 So.2d 895 (1978)
Marsha TEXTON, Petitioner,
v.
Frank M. HANCOCK, John Daniels, William Cotton, Clyde Middleton, Sr., Dudley Sargent, Annie Lee Keyes and Melba Ilgen, As and Constituting the Board of Trustees of the St. Johns River Junior College, Palatka, Florida, Respondents.
No. FF-120.
District Court of Appeal of Florida, First District.
June 2, 1978.
Rehearing Denied July 6, 1978.
*896 Angus W. Harriett of Harriett & Sproull, Palatka, for petitioner.
Jackson Bryan, Palatka, for respondents.
ERVIN, Judge.
Marsha Texton seeks review of an order of the Department of Education which sustained the action of the Board of Trustees of St. John's River College discharging her as a teacher from that institution.
Ms. Texton, a tenured instructor, had taught psychology at St. John's for nine years and served satisfactorily with only a single previous administrative complaint concerning excessive use of audio-visual equipment. Then in 1974, certain students complained to the administration concerning alleged acts of misconduct by Ms. Texton. After consulting the students, the college president advised Ms. Texton he was recommending her discharge to the Board of Trustees. The Board, after public hearing, made findings of fact and adopted the administration's recommendation that she be discharged. Ms. Texton was found guilty of immorality, misconduct in office and willful neglect of duty. The evidence supporting the findings reflected that she had discussed the personal problems and grades of students with other members of the class; advised her students to overrule another teacher; used profanity in the presence of a student; made general statements about the opposite sex  that all men at one time in their lives ran around on their wives and that all men are inadequate.[1]
During the hearing, one student, a nurse and a mother, testified Ms. Texton embarrassed her in front of the class by criticizing her child rearing habits. Another felt she used the words "penis", "ejaculation" and "masturbation" too often in a lecture, even though the statements were made in a child psychology and human development class. Additional findings reflected Ms. Texton requested that a student have an affair with her ex-husband; that she gave a class party and was seen there drinking a beer; that she visited the home of a student after midnight, bringing along her husband and two other men and carrying beer; that she "passed out" in the student's living room after drinking beer.
Section 231.36(6), Florida Statutes (1975), sets out specific grounds justifying discharge of a tenured teacher. These grounds include immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, or conviction of any crime involving moral turpitude. The specific charges which Ms. Texton was found guilty were immorality, misconduct in office and willful neglect of duty. While the record is replete with numerous indiscretions by Ms. Texton, it is clear, after reviewing other cases involving teacher discharge, the evidence simply did not support the findings entered.
*897 In Laney v. Board of Public Instruction, 153 Fla. 728, 15 So.2d 748 (1943), a school principal appealed a dismissal based upon findings that he had used intoxicating liquors, both during school hours and at other times, that he had attempted seduction of a school girl, and that he had sold illegal bolita tickets at a drugstore in which he had an ownership interest. The Supreme Court reviewed in detail the evidence on each of the charges brought and found no substantial evidence to support any of them. After determining that none of the charges was supported by the evidence, the court concluded:
The general rule is that administrative findings, in order to be upheld by the courts, must be supported by substantial evidence. This means that there must be evidence which supports a substantial basis of fact from which the fact in issue can be reasonably inferred. It must do more than create a suspicion of the fact to be established, and must be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. Id. at 753.
The problem with the great bulk of the evidence here is that it was simply not of such relevant character as a reasonable mind would accept as adequate to support the conclusions reached.[2] Clearly if the evidence supports a finding that a teacher was guilty of certain criminal acts, no doubt it would justify dismissal under Section 231.36. Ford v. Bay County School Board, 253 So.2d 728 (Fla. 1st DCA 1971). (Teacher charged with possession of gambling paraphernalia.) Additionally this court has held that if a school teacher is responsible for teaching students in their formative years and commits acts of immorality after school hours, such acts may be indirectly related to misconduct in office. Tomerlin v. Dade County School Board, 318 So.2d 159 (Fla. 1st DCA 1975). (Teacher performed cunnilingus on step-daughter.)
Obviously acts performed by a tenured school teacher in a given situation may justify discharge, whereas in another situation they may not. Here Ms. Texton's conduct must be judged in the context of her more liberal, open, robust college surroundings. She is not teaching children of tender years in an elementary school. Her acts have little or no connection whatsoever with morality, misconduct in office or willful neglect  particularly when considering that the complainants were junior college students, many of them older and working full-time, attending classes part-time or at night.
While school administrators have the right to promote efficiency in an environment favorable to learning, and to investigate the competence and fitness of those whom they hire to teach, Pasco County School Bd. v. Fla. Public Employees Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1977), still Ms. Texton, as a tenured teacher, had acquired a valuable property right in her expectation of continued employment. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Certainly her rights as an instructor under continuing contract should be no less protected than those of non-tenured teachers whose contracts may not be arbitrarily non-renewed because they have exercised First and Fourteenth Amendment rights. Shelton v. Tucker, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960); Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967). As a citizen and as a teacher she is entitled to certain freedoms: to associate freely, to speak openly, to encourage response and free inter-play in the classrooms. She may not be penalized because she has exercised her First Amendment rights in a manner offensive to more delicate sensitivities.
The order of discharge is REVERSED.
SMITH, Acting C.J., and MELVIN, J., concur.
NOTES
[1] Two seemingly inconsistent statements.
[2] There was one finding of more serious conduct, that Ms. Texton had tried to intimidate witnesses from testifying against her. This finding, however, had no predicate in the charges filed against her. Such a finding, in the absence of notice, may not be a lawful basis for discharge.