LILES, WOODIE A., Associate Judge (Retired).
Kathleen C. Wright was a school teacher in the Broward County school system from September, 1958, until June, 1978. In May, 1961, she attained tenure (continuing contract status) with the Broward County *663 School Board (“School Board”) pursuant to Section 231.36(3)(a), Florida Statutes. In 1974, she ran for and was elected to a position on the School Board. In 1975, the Florida Legislature enacted Section 112.-313(10), Florida Statute, which provides:
EMPLOYEES HOLDING OFFICE.—
(a) No employee of a state agency or of a county, municipality, special taxing district, or other political subdivision of the state shall hold office as a member of the governing board, council, commission, or authority, by whatever name known, which is his employer while, at the same time, continuing as an employee of such employer.
(b) The provisions of this subsection shall not apply to any person holding office in violation of such provisions on the effective date of this act. However, such a person shall surrender his conflicting employment prior to seeking reelection or accepting reappointment to office. [Effective date: October 1, 1975]
It should be noted that subsection (b) grandfathered in any person holding office on the effective date of said statute but provided that such person shall surrender his or her conflicting employment prior to reelection. After taking a personal leave of absence without pay in June, 1978, Mrs. Wright ran for and was reelected to a position on the School Board. A complaint was the filed against her for violating Sections 112.313(10)(a) and (b), Florida Statutes. Following a hearing, the State of Florida, Commission on Ethics, found Mrs. Wright to be in violation of the above-cited statutory provisions and gave her sixty days to bring herself into compliance with the law.
This apparently is a case of first impression regarding the application of Section 112.313(10), and the question recurs on what a person is required to do to surrender his or her conflicting employment. The state argues that, because of her continuing contract status, Mrs. Wright remains an employee of the School Board under Section 231.09, Florida Statutes. We disagree.
In City of Boca Raton v. Mattef, 91 So.2d 644 (Fla.1956), the Florida Supreme Court set forth the following definition of “employee”:
An employee is one who for a consideration agrees to work subject to the orders and direction of another, usually for regular wages but not necessarily so, and, further, agrees to subject himself at all times during the period of service to the lawful orders and directions of the other in respect to the work to be done. Id., at 647.
While the cited case dealt with the employer-employee relationship in terms of a tort action, we believe that the above definition provides an appropriate analytical framework for determining whether Mrs. Wright is, indeed, an employee of the School Board. Turning to the facts of this case, it is undisputed that Mrs. Wright performs no teaching services for, nor does she receive any compensation from, the School Board. While she is on leave, the School Board does not and cannot exercise any control over her. Therefore, we conclude that Mrs. Wright, by taking a leave of absence without pay, is no longer an “employee” of the School Board. In a very real sense, she has surrendered her employee status. The mere fact of her continuing contract creates only an expectancy of future employment. This expectancy, however, cannot be equated with or transformed into employee status.
The manifest purpose of Section 112.313(10), Florida Statutes, is to prevent a public employee or officer from holding two positions of employment or office at the same time when these positions are in conflict. This statute, however, does not purport to prevent a school teacher, who is on leave of absence without pay, from performing a valuable public service as a member of a school board. Mrs. Wright has ceased to be an employee of the Broward County School Board. She has surrendered her employment. The fact that she may or may not return to the classroom is a prospective event which neither the Commission nor this Court need be concerned with at this time.
*664 Accordingly, for the reasons expressed above, we REVERSE the decision of the State of Florida, Commission on Ethics.
SHAW, J., concurs.
LARRY G. SMITH, J., dissents.