LARRY G. SMITH, Judge,
dissenting with opinion.
I cannot agree that an employee “on leave” is any less an employee. By definition, one on leave is only temporarily absent. A teacher on continuing contract has acquired a valuable property right, more than a mere “expectancy” of employment. Texton v. Hancock, 359 So.2d 895 (Fla. 1st DCA 1978). There is a statutorily protected right to employment which cannot be divested by means other than those specified in the statute, Chapter 231, Florida Statutes, particularly Section 231.36(3)(e), (4), (6), and Section 231.44. See McDowell v. School Board of Suwannee County, 365 So.2d 454 (Fla. 1st DCA 1978).
The majority agrees that the purpose of Section 112.313(10) is “to prevent a public employee or officer from holding two positions of employment or office at the same time when these positions are in conflict.” In my opinion the “conflict” in the two positions-that of School Board member and teacher-is only minimally reduced by the failure to receive pay while serving on the Board. The significant conflicts still remain. A School Board member is required to deal with many matters directly affecting the teachers in any system, such as their suspension, disciplining or discharge, the granting of annual or continuing contracts, and in determining even what teacher positions shall be continued or discontinued. A Board member-teacher with a continuing contract right to resume employment in the school system after completion of Board service might be vitally affected by any number of decisions pertaining to the teaching staff. A teacher would be directly affected by any decision made by the School Board relating to the terms and conditions of employment that the returning continuing contract teacher would be subject to and enjoy. There is inherent in such a relationship a conflict between “public duty” and “private interests,” which is constitutionally objectionable. Article III, Section 18, Florida Constitution.
The view taken by the majority places the teacher-board member in the untenable position of being recognized as a “public employee,” by the Florida Public Employees Relations Commission, for collective bargaining purposes, United Faculty of Miami-Dade Community College, FEA/United AFT, AFL- CIO and Miami-Dade Community College, 4 FPER ¶ 4173 (1978), since the teacher is merely “on leave” from employment, while at the same time entitled to vote as a member of the employer-board. This result, in my opinion, flies directly in the face of the statutory prohibition of Section 112.313(10), that “No employee ... of a county, ... or other political subdivision of the state shall hold office as a member of the governing board, . . . which is his employer while, at the same time, continuing as an employee of such employer.”
Appellant cites Section 231.36(7)(b), Florida Statutes (1979), which was enacted by the legislature in 1972, in support of her contention that service on county school boards by teachers under continuing contract has received legislative approval. That Section provides:
(Section 231.36, Florida Statutes)
(7) The school board of any given district may, at its own discretion:
* * * s}: * sjs
(b) Grant to a classroom teacher holding a continuing contract status who has served as school board member in that district, at the completion of his service as school board member, a continuing contract as classroom teacher. Service as school board member shall be construed as continuous teaching service in the public schools of this state, (emphasis supplied)
There is, however, nothing in the wording of this provision or related statutes manifesting any intention on the part of the legislature for a teacher to maintain his or her job as a member of the teaching staff *665 of the county school system while at the same time serving as a member of the employer-school board. This particular provision, relating to service by teachers as school board members, had its genesis in a similar provision enacted in 1959 (§ 1, Chapter 59-359, Laws of Florida (1959)), applying to continuing contract teachers who have served as superintendent of public instruction. The 1959 amendment, which is currently codified in Section 231.36(7)(a), Florida Statutes (1979), provided:
(Section 231.36, Florida Statutes (1959)) (4) The county board of public instruction of any given county may, at its own discretion, grant to a person who has served as county superintendent of public instruction in that county, at the completion of his service as superintendent, a continuing contract as a classroom teacher. Service as superintendent shall be construed as continuous teaching service in the public schools of this state, (emphasis supplied)
In both the 1959 and 1972 provisions, use of the phrase “may, at its own discretion,” implies a recognition by the legislature that service as an elective school board member would terminate the vested rights of a teacher on a continuing contract to assert that right after teaching service had been interrupted by the period of service on the board. Otherwise, the legislature would have had no reason to authorize the board-to grant a continuing contract to a returning teacher. Although it is difficult to say with any degree of certainty, it would appear reasonable to assume that the addition of subsection (4), 1959 amendment to Section 231.36, was prompted by the interpretation of prior law as stated in Attorney General’s Opinion 057-2 (January 4, 1957), holding that since the statutes did not authorize the granting of teacher’s leave for the purpose of serving on a school board, even though granted leave by the board a teacher would lose continuing contract rights under Section 231.36 by serving on the board and being absent from the teaching position during that period of service.[1]
The 1959 amendment effectively protected a teacher against loss of continuing contract status by virtue of taking a leave of absence which the board was not authorized by law to approve; but it left the board free, at the completion of the teacher’s service as school superintendent (or school board member under the 1972 amendment), to rehire the teacher on a continuing contract basis or not, in the board’s discretion. The Commission’s construction of the 1975 Code of Ethics under review, which requires surrender of the teacher’s teaching position, as opposed to a mere leave of absence, is consistent with the legislative scheme, as indicated, which allows but does not require rehiring of the teacher on a continuing contract; but at the same time such a construction has no effect upon the discretion of the board and the rights of the teacher under Section 231.36(7)(a) and (b), and there is no forfeiture of the teacher’s continuing contract status if rehired by the same school board, or by a school board in another county.[2]
*666 Although it may be recognized that application of the 1975 amendment, as construed by the Commission, may deprive school boards of the benefit of some of those citizens best qualified to serve the county school system, the same could be said of the amendment’s application to many other boards, commissions or agencies of the state. This, in my opinion, furnishes no basis upon which the court may hold that school teachers enjoy an exemption from the operation of the statute, since the creation of any such exemption or exception would be a function of the legislature, not the court.
I would affirm the decision of the Commission on Ethics.

. The question answered by Attorney General’s Opinion 057-2 is:
QUESTION:
If a written request for a leave of absence from instructional duties was made by an employee and duly granted by a board of public instruction to assume duties of a county elective office in the administrative capacity of county superintendent, has the individual concerned lost his rights under the continuing contract law, § 231.36, F.S.?
The concluding paragraph of the opinion states:
In view of the above, your question must be answered in the affirmative, assuming that the individual in question accepted the leave and was absent from his teaching job during the past four years.

. There is only one court decision construing Section 231.36(7). In Board of Public Instruction of Dixie County v. Locke, 243 So.2d 6 (Fla. 1st DCA 1970), this court affirmed the trial court’s ruling that under the circumstances presented, the school board had erred in failing to hire a past superintendent, who had a valid continuing contract, as a teacher. In reaching this result, the court did not construe the first sentence of Section 231.36(7), with which we are concerned but merely construed the second sentence of the statute which provided that “service as a superintendent shall be construed as continuous teaching service . . . . ” The case is further inapplicable since it was decided pri- or to the 1975 Code on Ethics and does not touch upon the issues presented here.