Mr. Paul Hendrick Attorney for Hamilton County School Board 111 So. Central Avenue Suite 1 Post Office Drawer 151 Jasper, Florida 32052
Dear Mr. Hendrick:
This is in response to your request for an Attorney General's Opinion on substantially the following questions:
 1. MAY A SCHOOL SUPERINTENDENT NOMINATE HIMSELF OR HERSELF FOR APPOINTMENT AS SCHOOL PRINCIPAL, WHEN THE SCHOOL SUPERINTENDENT POSSESSES THE AUTHORITY TO RECOMMEND INDIVIDUALS FOR APPOINTMENT TO AND REMOVAL FROM THE PRINCIPAL POSITION?
 2. IS A SCHOOL BOARD COMPELLED TO APPOINT A FORMER SCHOOL SUPERINTENDENT TO THE POSITION OF SCHOOL PRINCIPAL OR ANY OTHER POSITION OR TO PAY HIM OR HER A SALARY EQUAL TO THAT EARNED BEFORE TAKING OFFICE BASED ON HIS OR HER CONTINUING CONTRACT AS DIRECTOR OF VOCATIONAL, TECHNICAL AND ADULT EDUCATION WHICH WAS IN EFFECT AT THE TIME HE OR SHE TOOK OFFICE AS SUPERINTENDENT?
Your letter states that the term of office of the Hamilton County School Superintendent, Mr. F.D. Greene, expired on November 19, 1984. Mr. Greene was not reelected to the position of school superintendent. On his last day in office, Mr. Greene nominated himself for the position of principal of North Hamilton Elementary School in Jennings, Florida. Prior to his election as school superintendent in 1980, Mr. Greene was the Director of Vocational, Technical and Adult Education for the school system. Mr. Greene asserts that he held a continuing contract for this position and as a teacher. The position of Director of Vocational, Technical and Adult Education does not currently exist as a separate position but constitutes part of the duties of the Instructional Coordinator position with the school system and this position is currently filled.
QUESTION ONE
This office has previously stated that all officers who have appointing power are disqualified for appointment to offices or positions to which they may appoint. See, AGO's 70-46, 72-102, 72-348, 73-359, 75-60, 80-17. The underlying rationale of this common-law rule of public policy is to assure the actuality and appearance of undivided public loyalty and trust held by a public officer for the benefit of and in the interest of the people. See, 67 C.J.S. Officers s. 23, p. 269 and s. 27, p. 277; and 63 Am.Jur.2d Public Officers and Employees s. 96, p. 690. Cf., Wood v. Town of Whitehall, 197 N.Y.S. 789 (N.Y., 1923), wherein the court indicated that such an appointment is against good conscience and public morals; Hetrich v. County Commissioners of Anne Arundel County, 159 A.2d 642, 645 (Md., 1960), stating that the prohibition is grounded on the need for impartial action without suspicion of bias; Ehlinger v. Clark, 8 S.W.2d 666, 674
(Tx., 1928), in which it is noted that the rule is based on "the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body. . . ." A conflict of interest or clash of duties exists when one office is subordinate to the other and subject in some degree to the supervisory power of its incumbent or when the incumbent of one office has the power of appointment to the other office or has the power to remove or punish the incumbent of the other. See, 67 C.J.S. Officers s. 27, pp. 277-281; 63 Am.Jur.2d Public Officers and Employees ss. 62, 63, and 73; and AGO 70-46. In addition, a conflict of interest may be demonstrated by the power to regulate the compensation of the other or to audit accounts of the other. See, 67 C.J.S. Officers s. 27, supra. Succinctly stated, the rule respecting the appointment by a public officer of himself or herself to a public office, is stated in 67 C.J.S. Officers s. 23a:
 It is contrary to the policy of the law for an officer to use his official appointing power to place himself in office, so that, even in the absence of a statutory inhibition, all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint.
Responsibility for the administration and management of schools and for supervision of instruction in the school district is placed by statute in the superintendent of the school district as the secretary and executive officer of the school board. Section 230.03(3), F.S. Pursuant to s. 230.33(7)(a), F.S., the superintendent of schools shall:
 Recommend to the school board duties and responsibilities which need to be performed and positions which need to be filled to make possible the development of an adequate school program in the district; recommend minimum qualifications of personnel for these various positions; and nominate in writing persons to fill such positions.
The district school board is required by s. 230.23(5)(a), F.S. (1984 Supp.), to act upon written recommendations submitted by the superintendent for positions to be filled and for minimum qualifications for personnel for the various positions and to act upon written nominations of persons to fill such positions. And see, s. 230.23(5)(b), prescribing a time table within which the school board is to act concerning nominations by the superintendent of principals, supervisors and other members of the instructional staff.
Florida courts, in construing the provisions of Ch. 230, F.S., have held that unless good cause is shown, it is incumbent on a school board to appoint and to contract with the nominee of a superintendent of schools. See, Von Stephens v. School Board of Sarasota County, 338 So.2d 890, 894 (2 D.C.A. Fla., 1976), stating that a nomination by the superintendent entitles the nominee to due process protection of his interest in the nomination and that this "legitimate claim of entitlement" was created by s. 230.23(5) which mandates appointment by the school board absent good cause. See also, State ex rel. Lawson v. Cherry, 47 So.2d 768 (Fla. 1950), holding that a nomination by the superintendent to the school board is final unless the board finds the nominee morally or professionally disqualified; Board of Public Instruction for St. Lucie County v. Connor, 4 So.2d 382 (Fla. 1941), wherein the Florida Supreme Court specifically established a property right in a superintendent's nominee by its holding that at the time the nomination is made to the board an implied contract arises between the school district and the nominee and unless the board finds that the nominee is morally or professionally disqualified, such nomination is final. The only circumstance constituting "good cause" for which a superintendent's nominee may be rejected is the failure of the nominee to meet the statutory requirements of Ch. 231, F.S. Von Stephens v. School Board, supra. Accord, State ex rel. Kelley v. Golson, 14 So.2d 793 (Fla. 1943); State ex rel. Lawson v. Cherry, supra; Sinclair v. School Board of Baker County,354 So.2d 916 (1 D.C.A. Fla., 1978).
While it is the school board which appoints the nominees recommended by the superintendent, in light of the fact that the school board is bound by such nominations unless it finds the nominees morally or professionally disqualified, I am of the view that the principles and rationale underlying the common-law rule prohibiting a public officer from appointing himself to another office are applicable to the instant inquiry. Accordingly, I am of the opinion until judicially or legislatively determined to the contrary, that the superintendent of the school district may not appoint himself to the position of principal.
QUESTION TWO
Your letter indicates that Mr. Greene was the Director of Vocational, Technical and Adult Education for the Hamilton County School System prior to his election as school superintendent in 1980. Mr. Greene states that he held a continuing contract for this position and as a teacher with the Hamilton County School Board. I have not received a copy of the contract(s) in question nor have you excerpted any pertinent parts of such a contract for my examination. Therefore, I will undertake no discussion or consideration of the provisions of the subject contract. I must assume for purposes of this discussion that, based on information you have supplied, Mr. Greene had entered into a continuing contract with the Hamilton County School Board as an instructor in such school system and as the Director of Vocational, Technical and Adult Education prior to July 1, 1984, and has elected to retain such contract.
Section 231.36(4)(a), F.S. (1984 Supp.), provides that:
 An employee who has continuing contract status prior to July 1, 1984, shall be entitled to retain such contract and all rights arising therefrom in accordance with existing laws, rules of the State Board of Education, or any laws repealed by this act, unless the employee voluntarily relinquishes his continuing contract.
See, Texton v. Hancock, 359 So.2d 895 (1 D.C.A. Fla., 1978) (a teacher on continuing contract has acquired a valuable property right, more than a mere "expectancy" of employment).
Subsection (7) of s. 231.36, F.S. 1981 (repealed by s. 15, Ch. 82-242, Laws of Florida, but effective with regard to persons electing to retain a continuing contract pursuant to s. 231.36[4][a], supra) provides that:
 The school board of any given district may, at its own discretion:
 (a) Grant to a person who has served as superintendent in that district, at the completion of his service as superintendent, a continuing contract as a classroom teacher. Service as superintendent shall be construed as continuous teaching service in the public schools of this state.
This provision has its origins in a similar provision enacted in 1959, i.e., s. 1, Ch. 59-359, Laws of Florida, which stated:
 The county board of public instruction of any given county may, at its own discretion, grant to a person who has served as county superintendent of public instruction in that county, at the completion of his service as superintendent, a continuing contract as a classroom teacher. Service as superintendent shall be construed as continuous teaching service in the public schools of this state.
The title to Ch. 59-359, Laws of Florida, provided that it was
 An act . . . amending Section 231.36, Florida Statutes, by adding a new Subsection . . . thereto, providing that any person on a continuing contract in any county who becomes superintendent of said county shall, at the expiration of his service as superintendent, be entitled to a continuing contract in said county with the year of service as superintendent to count as service under contract . . . (e.s.)
While the title to an act cannot be relied upon to add to or to extend the operation of the act, it may serve to aid in the construction of the act and as evidence of the legislative intent. See, State ex rel. Church v. Yeats, 77 So. 262 (Fla. 1917). And see, Cook v. Blazer Financial Services, Inc., 332 So.2d 677 (1 D.C.A. Fla., 1976) (court may look to the title of an act to aid in the interpretation of the act, but the meaning may not be enlarged by the title); Finn v. Finn, 312 So.2d 726 (Fla. 1975) (the title of an act is not part of the basic act but has the function of defining the scope of the act). The title to Ch. 59-359, Laws of Florida, clearly states that any person employed on a continuing contract who becomes school superintendent shall be entitled to a continuing contract in that county upon expiration of his or her service as superintendent.
In Board of Public Instruction of Dixie County v. Locke,243 So.2d 6 (1 D.C.A. Fla., 1970), the court considered the provisions of s. 231.36(7), and held that the appellee who had held a continuing contract as a teacher prior to his service as superintendent was engaged in continuous teaching service while he served as superintendent in light of the provision of s. 243.36(7) providing that service as superintendent shall be construed as continuous teaching service in the public schools. Thus the court held that the appellee had a valid continuing teacher contract and was entitled to be employed as a teacher after his service as superintendent in accordance with his contract of continuing employment. And see, AGO 64-74, in which this office stated that a person who is serving as a county superintendent and who held a continuing contract with a county at the time he assumed the duties of county superintendent would be entitled to return to his continuing contract position upon expiration of his term of office based on the provisions of s. 231.36(4), F.S., supra.
You have not advised me regarding the duties and responsibilities of the Director of Vocational, Technical and Adult Education and whether this position was strictly administrative or involved classroom teaching responsibilities. However, s. 231.36(7), F.S. 1981, provides that "[s]ervice as superintendent shall be construed as continuous teaching service in the public schools of this state." (e.s.) With regard to statutory construction it is the rule that the mention of one thing implies the exclusion of another, expressio unius est exclusio alterius. Thus when a statute enumerates the things upon which it is to operate, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned. See, Thayer v. State,335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342
(Fla. 1952); Ideal Farms Drainage District v. Certain Lands,19 So.2d 234 (Fla. 1944). Therefore, unless the position of Director of Vocational, Technical and Adult Education was a teaching position, it would appear that Mr. Greene's service as superintendent interrupted his continuing contract and the school board is not compelled to pay the former superintendent a salary based on a continuing contract for such a position. Cf., dissenting opinion, Wright v. State, Commission on Ethics,389 So.2d 662, 664-666 (1 D.C.A. Fla., 1980), construing s. 231.36(b), F.S. (granting the county board of public instruction the discretion to grant a continuing teacher contract to a school board member) to imply a recognition by the Legislature that service as an elected school board member would terminate the vested rights of a teacher on a continuing contract after teaching service has been interrupted by the period of service on the board, in the absence of such a statutory provision.
Your letter, however, states that the former superintendent also possesses a continuing contract as a classroom teacher and, pursuant to the analysis above, would be entitled to employment at a salary based on such a contract. Based on the foregoing and in light of the legislative intent expressed in the title to s. 1, Ch. 59-359, Laws of Florida, I must conclude that any person on a continuing teaching contract who becomes superintendent of schools shall be entitled to a continuing contract as a teacher. Therefore, it is my opinion that the former school superintendent in the instant inquiry is entitled to be employed as a teacher by the District School Board of Hamilton County and be paid a salary based on his continuing contract as a teacher, his certificate and the salary schedule of the school district.
In sum, it is my opinion that in consideration of the fact that a school board must appoint and contract with the nominee of a superintendent of schools unless it finds the nominee to be morally or professionally disqualified, the common-law rule against an officer appointing himself or herself to another office is applicable to, and prohibits a school superintendent appointing himself or herself to the position of principal. Further, a superintendent of public schools who was employed under a continuing contract as a classroom teacher prior to becoming superintendent is entitled to employment under such a contract at a salary based on the continuing teacher contract, his or her certificate and the salary schedule of the school district.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General