# MUSSOLINE v METROPOLITAN DADE COUNTY
## Case No. 86-030 AP
Eleventh Judicial Circuit, Appellate Division, Dade County

January 28, 1987

### APPEARANCES OF COUNSEL

**Denis Dean, Dean & Hartman, P.A.,** for appellant.

**Robert A. Ginsburg,** Dade County Attorney, and **Carol A. Anderson,** Assistant County Attorney, for appellee.

Before NADLER, SHAPIRO, ROBINSON, JJ.

### OPINION OF THE COURT

SIDNEY B. SHAPIRO, Judge.

CHARLES MUSSOLINE appeals from a disciplinary action taken

against him by the County Manager of Dade County. He contends no substantial competent evidence exists to support the County Manager's actions. We agree and reverse.

Appellant has been employed by the Metro-Dade Police Department since January, 1971. In October, 1981, disciplinary action was taken against him for violating the County's outside employment rule in that he had not sought prior approval from his Department Director as required before obtaining such extra employment.

The evidence adduced at the hearing was undisputed. In late 1982, Appellant and his brother together with a third party invested in a new pawn shop located in Broward County. The business was incorporated with Appellant listed as Vice-President and Director. It opened in February, 1983, and was sold less than two months later. Testimony revealed that Appellant visited the shop about ten times while he was an officer, never worked in the shop, was not a listed employee and in fact, lost money on the sale. He received no salary as an employee.

A Department Review Panel found that Appellant had violated County personnel rules regarding approval and reporting of outside employment. The Department Director imposed a ten day suspension as a penalty. The hearing examiner concluded there was no evidence of participation by Appellant in the business. He recommended the suspension be set aside. The County Manager rejected the recommendation but did reduce the penalty to a five day suspension.

Metro-Dade Police Department Manu Rule 2.626 states as follows:

"An employee who desires to accept outside employment of a non-police nature must obtain written permission from the Director prior to accepting such employment and shall be limited to a cumulative maximum of 16 hours per calendar week, inclusive of off-regular duty police service."

Section 2.11(c) of the Dade County Code provides:

"Any outside employment by any full-time County employee must first be approved in writing by the employer's department head who shall maintain a complete record of such employment."

Under the law of master and servant, the relationship of employer and employee requires control and direction by the employer over the conduct of the employee. This exercise of control over the person is the ultimate test of the nature of the relationship between employer and employee. *City of Boca Raton v. Mattef,* 91 So.2d 644, 647 (Fla. 1956). An employee is one, who, for a consideration, agrees to work subject to the orders and direction of another, usually for regular wages but not

necessarily so, and, further, agrees to subject himself at all times during the period of service to the lawful orders and directions of the other in respect to the work to be done. *City of Boca raton v. Mattef,* supra; *Collins v. Federated Mutual Implement and Hardware Insurance Company, et al.,* 247 So.2d 461 (Fla. 4th DCA 1971).

The record is devoid of any evidence or testimony that would bring Appellant into the category of employee. There is no substantial competent evidence—no evidence at all—to support the action of the County Manager.[1] Accordingly, the Order of the County Manager suspending Appellant for a period of five days is quashed. The County is ordered to reinstate Appellant with full back pay and benefits.

NADLER and ROBINSON, JJ., concur.

---

[1] As an aside, we note that under the Manager's definition, anyone serving as an Officer or Director of any corporation be it one for profit, not for profit, charity or otherwise, would be considered an "employee" and required to obtain permission before accepting the position. Should this be the intention of the County, perhaps consideration should be given to amending the County's Rules and Regulations and include officers and directors of corporations in the category of persons who must obtain permission before accepting such positions.